No.: 22-80141

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

BRIANA VALENCIA

*Plaintiff - Appellant,*

v.

VF OUTDOOR, LLC

*Defendant - Respondent.*

---

On Appeal from the United States District Court
or the Eastern District of California
Case No. 1:20-cv-1795-ADA-SKO
Hon. Sheila K. Oberto

---

### ANSWER TO PLAINTIFF-APPELLANT BRIANA VALENCIA'S PETITION TO APPEAL AN ORDER DENYING CLASS CERTIFICATION PURSUANT TO RULE 23(F)

---

LONNIE D. GIAMELA Bar No. 228435
E-Mail:
lgiamela@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501
Attorneys for Defendant - Respondent
*VF OUTDOOR, LLC*

FP 45884248.2

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ........................................................................ 1

II.    PROCEDURAL HISTORY ....................................................... 5

III.   STATEMENT OF FACTS ......................................................... 7

     A.    VF Outdoor Has Four Independent Distribution Centers. ....................................................................... 7

     B.    VF Outdoor Kept Compliant Timekeeping Policies and Procedures. .......................................................... 11

     C.    VF Outdoor Maintained Lawful Meal and Rest Period Policies. ............................................................. 11

     D.    Plaintiff Proposed Five Classes Without Any Substantial Evidence. ......................................................... 12

IV.    QUESTIONS PRESENTED FOR REVIEW ........................... 13

V.     STANDARD OF REVIEW ...................................................... 14

   VI.    THE DISTRICT COURT'S DENIAL OF CLASS CERTIFICATION WAS NOT MANIFESTLY ERRONEOUS ........................................................................ 16

     A.    The District Court Properly Denied Class Certification After Finding The Classes Did Not Satisfy the Requirements of FRCP 23. ........................... 16

     B.    No Evidence Demonstrates that All Class Members Were Subject to A Common Unlawful Policy. ............. 18

     C.    Plaintiff Failed to Present Evidence of Any Overtime, Meal Period, Rest Period, or Wage Statement Violations. ................................................................... 22

     D.    The Cases Cited in Plaintiff's Petition Do Not Affect the Court's Denial of Certification. ............................... 25

     E.    A Class Containing Only Visalia Employees Would Also Warrant Denial of Certification ............................. 27

  VII.    THE DEATH KNELL DOCTRINE ALONE DOES NOT PERMIT REVIEW ................................................................. 28

VIII.  CONCLUSION ........................................................................ 29

1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cervantez v. Celestica Corp.*,
253 F.R.D. 562 (C.D. Cal. 2008) .....................................................19

*Chamberlan v. Ford Motor Co.*,
402 F.3d 952 (9th Cir. 2005).........................................................3, 11

*Collins v. ITT Educ. Servs., Inc.*,
No. 12-cv-1395, 2013 WL6925827 (S.D. Cal. July 30,
2013).................................................................................................18

*Conde v. Open Door Marketing, LLC*,
223 F. Supp. 3d 949 (N.D. Cal. 2017) .............................................13

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011).....................................................14, 17

*Farr v. Acima Credit LLC*,
No. 20-CV-8619-YGR, 2021 WL 2826709 (N.D. Cal.
July 7, 2021) ....................................................................................13

*Figueroa v. Delta Galil USA, Inc.*,
No. 18-CV-07796-RS, 2021 WL 1232695 (N.D. Cal.
Mar. 30, 2021) ..............................................................2, 16, 17, 18

*Heredia v. Eddie Bauer LLC*,
No. 16-CV-06236-BLF, 2018 WL 369032 (N.D. Cal.
Jan. 10, 2018)...................................................................................19

*Huerta v. CSI Electrical Contractors, Inc.*
(9th Cir. 2022) 39 F.4th 1176..........................................................20

*Lao v. H&M Hennes & Mauritz, L.P.*,
No. 5:16- cv-00333-EJD, 2018 WL 3753708 (N.D. Cal.
August 8, 2018) ...............................................................................19

*Moore v. Ulta Salon Cosmetics & Fragrance Inc.*,
311 F.R.D. 590 (C.D. Cal. 2015) .....................................................19

FP 45884248.2

*Narouz v. Charter Communications*,
  LLC, 591 F.3d 1261 (9th Cir. 2010) ...............................................13

*Ornelas v. Tapestry, Inc.*,
  C 18-06453 WHA (N.D. Cal. Aug. 6, 2021) ...................................19

*Otsuka v. Polo Ralph Lauren Corp.*,
  251 F.R.D. 439 (N.D. Cal. 2008) ....................................................19

*Rodriguez v. Nike Retail Services, Inc.*
  (9th Cir. 2019) 928 F.3d 810..............................................16, 17, 20

*Rodriquez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2009).....................................................13, 14

*Scott-George v. PVH Corp.*,
  No. 2:13-cv-00441-TLN-DAD (E.D. Cal. Nov. 19,
  2015).................................................................................................19

*Trevino v. Golden State FC LLC*,
  NO. 1:18-cv-00120-DAD-BAM, 2021 WL 2328414
  (E.D. Cal. June 7, 2021) ..................................................................19

*Troester v. Starbucks*,
  738 Fed. App'x 562 (9th Cir. 2018)................................................20

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
  208 F.3d 288 (1st Cir. 2000) ...........................................................11

**Statutes**

Cal. Code Regs., tit. 8, § 11010(4) .......................................................18

California Private Attorneys General Act ("PAGA") ......................4, 12

California's Unfair Competition Law .....................................................4

Class Action Fairness Act........................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 23(f) ...........................................*passim*

## I. INTRODUCTION

Defendant-respondent, VF Outdoor, LLC ("VF Outdoor") respectfully submits this answer in opposition to Briana Valencia's ("Plaintiff") Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) (the "Petition").

Plaintiff is a current employee of VF Outdoor who works in Visalia at one of VF Outdoor's four distribution centers in California. Plaintiff brought the subject wage-and-hour litigation in 2019 and sought to represent five proposed classes of hourly, non-exempt employees across all four distribution centers. Specifically, the classes were: (1) Unpaid Time Class; (2) Overtime Class; (3) Meal Period Class; (4) Rest Period Class; and (5) Wage Statement Subclass. The basis of these proposed classes was an alleged policy regarding a security check process that Plaintiff and putative class members were purportedly required to undergo upon entering and exiting the distribution centers at which they worked. Understanding that no such written policy or practice uniformly applies to the proposed class, as recognized repeatedly in its order denying class certification, Plaintiff now pivots and claims that the challenged policy is the location of time clocks within the distribution center.

Plaintiff's petition fails on grounds. First, Plaintiff acknowledges the lack of evidence provided by her in the lower court in conjunction with the motion for class certification. Plaintiff provides no declarations or testimony from any of the hundreds of proposed putative class members. Plaintiff offers no expert report or testimony in support of her claims. Plaintiff offers no video evidence regarding the varied types of security checks conducted at the distribution centers. Plaintiff's sole evidence is a declaration that, as set forth in Defendant's opposition, was rebutted by her own deposition testimony.

Second, Plaintiff does not respond to core factual and legal findings and how precedent on almost exact situations supported denial of class certification. *Figueroa v. Delta Galil, Inc.* (No. 18-CV-07796-RS, 2021 WL 1232695, at *4–*5 (N.D. Cal. Mar. 30, 2021). Plaintiff cannot explain to this Court how a petition is meritorious when Plaintiff admits that Defendant's alleged unlawful practice ceased during the Class Period. Plaintiff also acknowledges that unlike traditional bag check cases, not all Defendant's employees had to go through a security check (e.g. certain facilities only had it upon entrance), when a security check was conducted not all employees were subject to the check and that a third-party conducted the security checks.

2

Lastly, Plaintiff consistently uses conclusory phrases such as "clearly established" in her petition, but neither the evidence nor the challenge to legal analysis comes anywhere near the "manifestly erroneous" standard required for a petition to be granted. The lower court's order was based upon an analysis of more than two dozen decisions. Of note, Plaintiff petitions this court for review of the lower court's meal period ruling, but offers nothing to indicate that employees who went through security checks did not have thirty consecutive uninterrupted minutes outside of the facility for his/her meal period. Plaintiff concedes this in her deposition testimony calling into question how Plaintiff can now claim there is evidence showing such a consistent unlawful practice.

Plaintiff provided no evidence substantiating any alleged policy beyond her own testimony and failed to account for the different procedures implemented by each distribution center and throughout the specified time period. Discovery demonstrated that Plaintiff's experiences were not common of all putative class members and that Plaintiff's experiences were not even indicative of the proposed classes.

After considering motions from both parties, the District Court issued an order adopting the Magistrate Judge's Findings and

3

Recommendations to Deny Motions to Strike and Plaintiff's Motion for Class Certification (the "Report"), which reasoned that Plaintiff's proposed classes lacked commonality or predominance and thus failed to satisfy FRCP 23.

This Court should similarly deny Plaintiff's Petition because Plaintiff is unable able to demonstrate the narrow requirements for interlocutory review of a denial of certification. (*Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005)). Nothing within Plaintiff's claims about the District Court's denial of certification meet the "manifestly erroneous" standard. (*Id.*). The Report's thorough and well-reasoned analysis was supported by a plethora of facts, evidence, and caselaw confirming that Plaintiff's proposed classes were improper for class certification under FRCP 23. Plaintiff's Petition reiterates the same arguments pertaining to an alleged common security check that the District Court properly rejected. Additionally, Plaintiff cites to cases that have already been considered and found unpersuasive by the District Court, and any new cases are easily distinguishable. Plaintiff's argument that the "death knell" doctrine permits review is without merit as the District Court's denial of class certification would not be subject to reversal upon appeal.

FP 45884248.2

## II. PROCEDURAL HISTORY

On August 27, 2019, Plaintiff filed a complaint in Alameda County Superior Court, alleging: (1) failure to pay minimum wages; (2) failure to pay overtime compensation; (3) failure to provide rest periods; (4) failure to provide meal periods; (5) failure to pay wages owed in a timely manner; (6) failure to provide accurate wage statements; (7) unfair business practices in violation of California's Unfair Competition Law; and (8) penalties under the Private Attorneys General Act. (Docs. 1-1 at ¶¶ 71–157).

VF Outdoor removed the action to federal court under the Class Action Fairness Act on October 28, 2019. VF Outdoor then filed a motion to transfer the action to the Eastern District of California, which the Court granted on December 17, 2020. (Dkt Nos. 1, 31, & 41).

On September 3, 2021, VF Outdoor filed a Motion to Deny Class Certification on the basis that Plaintiff could not satisfy Rule 23 of the Federal Rules of Civil Procedure ("FRCP 23") because she did not sign a "pre-dispute arbitration agreement," which the other putative members of the class had. (Dkt No. 53). The Court granted VF Outdoor's motion to deny class certification, finding that the Plaintiff lacked typicality and adequacy under Rule 23 regarding the putative

class members who signed the Arbitration Agreement. (Dkt Nos. 64, 68).

On November 15, 2021, Plaintiff filed the Class Certification Motion, seeking to represent a class of employees who did not sign the arbitration agreement. VF Outdoor opposed the motion on January 31, 2022 and Plaintiff filed a reply on February 14, 2022 (Dkt No. 73). Plaintiff filed a Motion to Strike the videos that VF Outdoor had submitted with its opposition (Dkt No. 74).

On September 23, 2022, the Magistrate served its report containing its findings and recommendations to the court. (Report) (Dkt No. 89). The Report recommended that "(1) Plaintiff's Motion to Strike be denied; (2) [VF Outdoor's] Motion to Strike be denied as moot; and (3) Plaintiff's Class Certification Motion be denied based on the classes as defined and proposed to be represented by Plaintiff Briana Valencia in the motion." (*Id.* at 2).

Plaintiff then filed an Objection to the Report (Dkt No. 89). The District Court Judge adopted the Report on November 30, 2022 and issued an Order denying Plaintiff's Motion and Motion to Strike (Dkt No. 91). On December 13, 2022, Plaintiff filed a Petition for Permission

to Appeal An Order Denying Class Certification Pursuant to Rule 23(f) (the "Petition") with this Court.

## III.   STATEMENT OF FACTS

### A.   <u>VF Outdoor Has Four Independent Distribution Centers.</u>

VF Outdoor is a company that provides consumers with iconic outdoor, active, and workwear brands. (Dkt No. 89 at p. 4 (citing Doc. 71-4, Declaration of David Wood ("Wood Decl.") at ¶ 2; Docs. 65-10 & 71-3, Deposition of David Wood ("Wood Dep.") at 28:7–9)). VF Outdoor operates from four distribution centers in California at the following locations: (1) Visalia, (2) Ontario, (3) Corona, and (4) Santa Fe Springs. (Dkt No. 89 at p. 4 (citing Wood Decl.). The distribution centers are all independently operated and vary in a number of ways, including by size, number of employees who work at each facility, number of entrances and exits, and whether they require a bag inspection. (*Id.*).

VF Outdoor provided the District Court with the following evidence demonstrating the different procedures at each of its Distribution facilities. (Dkt No. 89 at p. 4-7). Of note, defendant also

supplemented this information with videos of sample security checks at its distribution centers. (*Id.*).

## 1. Visalia

The Visalia distribution center is comprised of one building and is approximately 800,000 square feet. (Dkt No. 89 at p. 5 (citing Wood Dep. at 37:5–6,35:22–25)). There is a single entrance that employees enter and exit through. (*Id.* (citing Wood Decl., Ex. A). Prior to October 2020, employees were required to undergo a security check when entering and exiting the facility which involved showing their badges and if said employee was holding a bag, displaying its contents. (*Id.* (citing Wood Dep. at 20:20–21:9. Of note, employees can use a break room in the distribution center for meal and rest periods without having to go through the security check. (*Id.* (citing Wood Dep. at 20:20–21:9; Docs. 71-2 & 73-3, Deposition of Plaintiff ("Plaintiff Dep.") at 56:16–23)). From October 2020 to present, additional timeclocks were installed at the entrance of the facility so employees were paid for all time spent on the security check. (*Id.* (citing Plaintiff Dep. at 80:8–20; Plaintiff Decl. at ¶ 8; Wood Dep. at 22:22–23:1, 24:15–25, 52:16–21, 54:17–24)).

FP 45884248.2

## 2. Ontario

The Ontario distribution center is comprised of one building and is approximately 300,000 square feet. (Dkt No. 89 at p. 7 (citing Wood Dep. 38:17–20, 39:2–6). All employees enter and exit from one entrance that has time-clock station located near it. (*Id.* (citing Wood Dep. 38:21–39:1)). Unlike Visalia, there were no security checks when an employee entered the facility. (Dkt No. 71 at p. 6). Prior to October 2020, employees with a bag on their person were only required to undergo a security when exiting the facility, but they did not have to stop or wait in line. (*Id.*). In October 2020, there was a change in policy and VF Outdoors stopped doing bag checks at Ontario. (Dkt No. 89 at p. 7 (citing Wood. Dep. at 33:3–25, 96:7–13). Additionally, the time clocks moved closer to the facility entrance (Dkt No. 89 at p. 7 (citing Rodriguez Dep. at 16:16–18, 17:9–21, 28:15–23; Wood Dep. at 31:25–32:12; Freedman Dep. at 23:23–24:17).

## 3. Corona

The Corona distribution center is comprised of one building and is approximately 300,000 square feet. (Dkt No. 89 at p. 5-6). There is at least one break room within the distribution center that allow

employees to take meal and rest periods without having to go through a security check. (*Id.*). All employees enter and exit from one entrance. (Doc. 65-17). The security check process is identical to that of Ontario in that no security checks have been conducted when entering the facility. (Dkt No. 89 at p. 5-6). Corona distribution center employees do not stop or wait in line to undergo the security check. (*Id.*). In October 2020, the policy changed so that employees were to undergo the check before clocking out. (*Id.*).

### 4. Santa Fe Springs

The Santa Fe Springs distribution center is comprised of two buildings and is approximately 500,000 square feet. (Dkt No. 89 at p. 6). There are five entrances from which employees may enter and exit at the Santa Fe Springs facility, and the time-clock stations are located near each entrance. (*Id.*). Employees do not stop or wait in line to undergo the security check. (*Id.*). There is at least one break room within the distribution center that allows employees to take meal and rest periods without having to go through a security check. (*Id.*). In October 2020, the policy changed so all employees would be compensated for the time undergoing the security check and walking to and from the security-check point to the warehouse. (*Id.*).

10

**B.** **VF Outdoor Kept Compliant Timekeeping Policies and Procedures.**

VF Outdoor kept compliant timekeeping policies and produces, as demonstrated through the declarations from VF Outdoor employees. (Dkt No. 71 at p. 8 (citing Wood Decl. at ¶ 6). All putative class members have been required by VF Outdoor to clock in and out at the beginning and end of each of their shifts. (*Id.*). VF Outdoor strictly forbids off-the-clock work, and no manager or supervisor has ever asked or permitted employees to conduct off-the-clock work. (*Id.*). VF Outdoor employees have always had the opportunity to review time clock punches and submit a correction form if needed. (*Id.*).

**C.** **VF Outdoor Maintained Lawful Meal and Rest Period Policies.**

VF Outdoor also maintained a compliant meal and rest period policies during the period Plaintiff seeks to certify the classes. (Dkt No. 89 at pp. 7-8). VF Outdoor provides employees with a 45 duty-free, uninterrupted meal period for shifts greater than five hours unless there is a proper meal period. (Dkt No. 89 at pp. 8 (citing Plaintiff Dep. at 43:17–44:4, 45:13–19, 52:7–13; Rodriguez Dep. at 25:10–14). Additionally, VF Outdoor also provides employees with a lawful rest

period as it gives all employees two 15-minute duty-free uninterrupted rest periods for each eight-hour shift. (*Id.*). Plaintiff's testimony confirms this as she admitted that throughout her employment, she received a meal period of at least 30 consecutive minutes and two 15-minute rest periods. (Dkt No. 89 at p 8; Valencia Depo Tr. at 43:21–25, 45:13–19; 60:14–25; 68:10–14).

### D. **Plaintiff Proposed Five Classes Without Any Substantial Evidence.**

Plaintiff is a currently employed hourly, non-exempt employee at the Visalia Distribution Center. (Dkt No. 89 at 4 (citing Doc. 65-4, Declaration of Plaintiff ("Plaintiff Decl.") at ¶ 2). Plaintiff has not worked at any other distribution center during her employment with VF Outdoor. (Valencia Depo Tr. at 22:5–9). Plaintiff sought to represent five proposed classes: the Unpaid Time Class, Overtime Class, Meal Period Class, Rest Period Class, and Wage Statement Subclass. (Dkt No. 65). Plaintiff proposed these classes without accounting for differences amongst distribution centers or during the time period in which the putative class member worked. (Dkt No. 71 at p. 10). Additionally, all of Plaintiff's classes rely on putative class members experiencing pre- and post-shift security checks and exiting the

distribution center for meal and rest periods, which as demonstrated above is factually incorrect.

Plaintiff alleged that VF Outdoor required all plaintiffs to undergo a "security check wherein their bags are searched" upon arrival and prior to clocking in. (Dkt No. 89 at p. 4). However, plaintiff provided scant evidence beyond her own self-service declarations of her experience at Visalia, which is not sufficient. Of note, Plaintiff's own testimony contained conflicting accounts as to her experience with security checks.[1] Plaintiff did not provide any evidence or common proof as to how many employees had a bag when entering or leaving the premises, how long any security checks took, or alternatively whether any employees were stopped. Plaintiff also offered no business records, declarations, or evidence regarding the security check experience at the distribution centers other than Visalia. (Dkt No. 71 at p. 11).

## IV.    QUESTIONS PRESENTED FOR REVIEW

Plaintiff presents the following two questions for review:

---

[1] The Report noted factual differences between her declaration and her deposition testimony. (Dkt No. 89 at p. 20).

FP 45884248.2

1. Whether this Court should grant leave to appeal pursuant to Rule 23(f) where the District Court's denial of class certification found in its Order disregards Defendants' uniform policy with regard to the physical placement of the timeclocks behind the security checkpoint and fails to contain the rigorous analysis of whether litigation of Plaintiff's claims provides common answers to common questions that would resolve those issues for the class.

2. Whether this Court should grant leave to appeal pursuant to Rule 23(f) where failure to review now will prevent appellate review of the District Court's Order.

## V.   STANDARD OF REVIEW

Federal Rule 23(f) provides a limited exception to the general rule that only final decisions are appealable. The 9th Circuit has adopted the view that petitions for permission to appeal under Fed. R. Civ. P. 23(f) should be "granted sparingly." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). Interlocutory appeals are generally disfavored because they are "disruptive, time-consuming, and expensive." *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000). A decision to permit interlocutory

14

review of a district court's order denying class certification is, ultimately, a discretionary one. *Id.* at 960. However, a case warranting review must come within one or more of the following categories; (1) there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous. *Chamberlan*, 402 F.3d at 959-60 ("Ordinarily, [] a case warranting review pursuant to Rule 23(f) must come within one or more of the specified categories.")

In this matter, there is no death knell doctrine applicable as Plaintiff will be able to continue with her individual statutory wage-hour claim and her cause of action under the California Private Attorneys General Act. Plaintiff also does not contend that the issue presented to this Court is nuanced or novel, understanding that both parties cite to multiple cases analyzing hours worked claims. Therefore, for the petition to be granted, Plaintiff must demonstrate that

15

the decision was manifestly erroneous. The evidence and law precludes her from doing so thereby warranting a denial of the petition.

## VI. THE DISTRICT COURT'S DENIAL OF CLASS CERTIFICATION WAS NOT MANIFESTLY ERRONEOUS

Plaintiff has failed to establish that the District Court's class certification decision is manifestly erroneous and thus worthy of interlocutory review under Fed. R. Civ. P. 23(f).

### A.    <u>The District Court Properly Denied Class Certification After Finding The Classes Did Not Satisfy the Requirements of FRCP 23.</u>

Contrary to Plaintiff's assertions, the District Court's denial of certification was based on a thorough analysis which demonstrated that Plaintiff had failed to meet FRCP 23's prerequisites. (Dkt No. 91,89; *Mazza v. Am. Honda Motor Co.*, Inc., 666 F.3d 581, 588 (9th Cir. 2012) ("Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23.")). The District Court's Order denying class certification adopted the Magistrate Judge's findings and recommendations (the "Report"), which included a well-reasoned analysis of each of Plaintiff's proposed classes: (1) the unpaid time

class, (2) the overtime class, (3) the meal period class, (4) the rest period class, and (5) the wage statement subclass (Dkt No. 89). The Report's conclusion that Plaintiff had "failed to establish commonality and predominance as to any of the proposed classes" was supported by and consistent with the facts and relevant caselaw. (Dkt No. 89 at p. 13).

Plaintiff's argument that the Court failed to consider factors other than commonality and predominance, and thus erred, is unpersuasive. The Court properly noted after its determination that Plaintiff failed to establish commonality or predominance, that it did not need to also address whether Plaintiff could satisfy numerosity, adequacy, or superiority under Rule 23. (*See Conde v. Open Door Marketing, LLC*, 223 F. Supp. 3d 949, 963 (N.D. Cal. 2017); *see also Farr v. Acima Credit LLC*, No. 20-CV-8619-YGR, 2021 WL 2826709, at *7 n.6 (N.D. Cal. July 7, 2021)). Both parties, as highlighted by the lower court in its ruling, argued that the commonality and predominance prongs could be analyzed together. The cases Plaintiff cites in which district courts denied certification without any reasoning are completely inapposite because here the Court adopted the Report that included a complete analysis of each of Plaintiff's proposed classes under FRCP 23. (Dkt No. 89. *But cf. Rodriquez v. Hayes*, 591 F.3d 1105, 1112-1113 (9th Cir.

17

2009) (issuing only a two-sentence order); *Narouz v. Charter Communications*, LLC, 591 F.3d 1261, 1266 (9th Cir. 2010) (stating that it merely could not "ascertain a class")). A review of the *Hayes* decision is particularly telling as Plaintiff seeks to compare a two-sentence order in that case with a twenty-seven page order in this matter.

**B.** **No Evidence Demonstrates that All Class Members Were Subject to A Common Unlawful Policy.**

The Report properly concluded that Plaintiff failed to demonstrate VF Outdoor had subjected the proposed classes to the same unlawful policy or practice of off-the-clock security checks as required by caselaw. (Dkt No. 89 at pp. 14-15); *see Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011)). As discussed below, this was the only possible conclusion as Plaintiff provided no evidence beyond her own self-serving experiences contradicted by her deposition testimony. The plethora of discovery demonstrated that the distribution centers implemented differing policies and any common policy or practice associated with the security check was unascertainable with the evidence provided. (Dkt No. 89 at 15-18). Plaintiff's Petition reiterates the same arguments that VF Outdoor had

18

a uniform policy as have already been considered and found unpersuasive by the District Court. (Petition at pp. 11-15; Dkt No. 90 at pp. 4-5; Dkt No. 89 at pp. 14-15).

The District Court noted that when a plaintiff "seeks class certification on the theory that the defendant employed a uniform unlawful policy or practices—as is the case here—the Court must consider whether the plaintiff provided substantial evidence 'that the entire class was subject to the same allegedly [unlawful] practice.'" (Dkt No. 89 at pp. 14; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) (internal citations omitted)). VF Outdoor's and Plaintiff's declarations both confirmed that VF Outdoor's distribution centers were independently run and conducted different procedures for security checks from August 2015 to October 2020. (Dkt No. 89 at p. 15) ("Visalia was the only one that required security checks upon entry and exit, whereas the three other facilities required security checks only upon exiting."). Video footage gathered from all four distribution centers also confirmed that most employees visibly wore their badges when entering their facilities and thus did not need to stop at the security checks. (Dkt No. 89 at p. 16 (citing Doc. 73 at 1; Plaintiff Dep. at 56:16–18; Wood Decl., Ex. C; Rodriguez Dep. at 20:25–26:1; Wood Decl.,

Ex. D)).  Plaintiff concedes there is no written policy relating to the security checks that is applicable to all four facilities.

During 2020, the distribution centers changed their policies: "at Visalia, security checks upon entry now take place after employees clock in, and postshift checks occur before employees clock out; at Santa Fe Springs and Corona, security checks upon exiting occur before employees clock out; and at Ontario, security checks have been eliminated entirely." (Dkt No. 89 at 16 (citing Plaintiff Dep. at 80:8–20; Plaintiff Decl. at ¶ 8; Wood Dep. at 22:22–23:1, 24:15–25, 28:14–17, 29:23–30:12, 33:3–25, 34:10–13, 52:16–21; 54:17–24, 96:7–13; Treglio Decl., Exs. I & J.)). As the facts remain the same, Plaintiff is still unable to demonstrate any substantial evidence to support a finding that VF Outdoor had a uniform policy of off-the-clock security checks.

Plaintiff's assertion in her petition that that all employees had to undergo off-the-clock security checks when entering and exiting thus misstates the facts. (*See* Petition at p. 5). As discussed above, no distribution center other than Visalia ever required security checks upon entry. (Dkt No. 89 at p. 15). Moreover, if someone did not have a bag, they were not subject to a security check.  A review of the video evidence reveals that even those that did may have been subject only to

a visual check where their ingress and egress were never halted or impeded. Additionally, following October 2020, any security checks required by the distribution centers were conducted following clocking-in or before clocking-out. (Dkt No. 89 at p. 16 (citing Plaintiff Dep. at 80:8–20; Plaintiff Decl. at ¶ 8; Wood Dep. at 22:22–23:1, 24:15–25, 28:14–17, 29:23–30:12, 33:3–25, 34:10–13, 52:16–21; 54:17–24, 96:7–13; Treglio Decl., Exs. I & J.)).

The District Court correctly concluded that the lack of evidence of any uniform policy consistently applied during the class period provided a proper basis for the denial of certification. (Dkt No. 89 at pp. 15-16). The holding of *Figueroa v. Delta Galil USA, Inc.* continues to provide support for this conclusion due to the similar facts. (No. 18-CV-07796-RS, 2021 WL 1232695, at *4–*5 (N.D. Cal. Mar. 30, 2021) (finding that proposed subclass of "[a]ll persons . . . required to go through security checks off-the-clock when entering or exiting" the defendant's facilities did not feature predominant questions even where the evidence made clear that the defendant "maintained a cross-facility practice of mandatory bag inspections for employees exiting the

FP 45884248.2

premises," because there lacked substantial evidence of a uniform "entering-the-premises bag inspection process")).[2]

## C. **Plaintiff Failed to Present Evidence of Any Overtime, Meal Period, Rest Period, or Wage Statement Violations.**

Even if the court assumed that VF Outdoor implemented a uniform security check procedure across all distribution centers, the District Court properly found that no predominant or common issues related to overtime, meal period, rest period, or wage statement existed. (Dkt No. 89 at 19-25). Plaintiff's Petition does nothing to address these findings other than to state that the District Court improperly considered the merits of Plaintiff's claims. (Petition at p. 16). However, the District Court only inquired into the merits to the extent necessary to determine whether Rule 23's requirements were satisfied as is permitted. (*See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir.

---

[2] Plaintiff's contention that *Figueroa* should not be relied on because it gave no consideration of *Rodriguez v. Nike Retail Services, Inc.* (9th Cir. 2019) 928 F.3d 810 in its analysis is without merit. Whereas in *Rodriguez* ample evidence existed of a uniform policy requiring "off the clock" exit inspections, in *Figueroa* the court found that the plaintiff failed to provide evidence that any entering-the-premises bag inspection applied on a class-wide basis. 928 F.3d at 818; 2021 WL 1232695, at *4-5. Thus, as is the case here, *Figueroa* did not need to consider the *federal de minimis* doctrine that was reached in *Rodriguez*. *Rodriguez*, 928 F.3d at 818.

2011) (The inquiry into the requirements of Rule 23 "will entail some overlap with the merits of the plaintiff's underlying claim.")).

Regarding the Overtime Class, the Plaintiff offered no discussion of how the predominance and commonality factors were satisfied. (Dkt No. 89 at p. 19 (citing Doc. 65-1 at 1, 8-20)). Additionally, as the Overtime Class was predicated on the alleged uniform policy that the Court found did not exist, the Court could not certify the class. (*Id.*)

The Meal and Rest Period Classes did not satisfy predominance or commonality because the overwhelming evidence demonstrated that VF Outdoor provided employees with lawful meal and rest periods. (Dkt No. 89 at 19-24). VF Outdoor provided employees with a 45-minute lunch period for shifts over five hours. (Dkt No. 89 at 20 (citing Plaintiff Dep. at 43:17–44:4; Rodriguez Dep. at 25:10–14); *see also Figueroa v. Delta Galil USA, Inc.*, No. 18-CV-07796-RS, 2021 WL 1232695 at *5 (N.D. Cal. Mar. 30, 2021)). Therefore, even if employees were required to undergo a security check,[3] their meal period would remain in compliance with California law. (See Cal. Code Regs., tit. 8,

---

[3] "On a foundational level, not all employees who were employed by VF Outdoor fit into this class because (1) not all putative class members carried a bag upon exiting the distribution center and (2) not all putative class members exited the distribution center during their meal breaks." (Dkt No. 71 at p. 11). Plaintiff provided no evidence on this issue. (Dkt No. 89 at p. 21).

§ 11010(4); id., § 11010(11)). Plaintiff alone cannot demonstrate a meal period violation as she testified that she always had 30 minutes away from the facility when she left for her lunch break. (Dkt No. 89 at 20 (citing Plaintiff Dep. at 43:17–44:4; Rodriguez Dep. at 25:10–14)). Similar to the meal period analysis, the District Court found that employees received an uninterrupted 10-minute rest period even if accounting for a security bag check because defendant had a policy of providing 15-minute rest periods. (Dkt No. 89 at 22-23; Cal. Code Regs., tit. 8, § 11010(4); *id.* at §

11010(12)). Of note, all four distribution centers had a break room in which employees could take meal and rest periods without the need to undergo a security check. (Dkt No. 89 at p. 8).

The Wage Statement subclass also did not satisfy the requirements of commonality and predominance because the class relied on the alleged unlawful security check practice. (Dkt 89 at 24; *Collins v. ITT Educ. Servs., Inc.*, No. 12-cv-1395, 2013 WL6925827, at *10 (S.D. Cal. July 30, 2013) (denying certification of wage statement class because it was "derivative" of the other claims)). Additionally, Plaintiff failed to support her argument of inaccurate wage statements as she only submitted her own wage statements. (Dkt

No. 89 at p.25 (citing *Moore v. Coty Inc*, No. EDCV142427VAPDTBX, 2016 WL 6023820, at *9 (C.D. Cal. Mar. 3, 2016)).

### D.    The Cases Cited in Plaintiff's Petition Do Not Affect the Court's Denial of Certification.

Plaintiff cites to predominantly the same bag and security check cases as she did in prior motions, which the Report distinguished and found unpersuasive. (Dkt No. 89 at p. 17-18; *Heredia v. Eddie Bauer LLC*, No. 16-CV-06236-BLF, 2018 WL 369032, at *7 (N.D. Cal. Jan. 10, 2018); *Lao v. H&M Hennes & Mauritz, L.P.*, No. 5:16- cv-00333-EJD, 2018 WL 3753708 (N.D. Cal. August 8, 2018); *Moore v. Ulta Salon Cosmetics & Fragrance Inc.*, 311 F.R.D. 590, 604, 612 (C.D. Cal. 2015); *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 448 (N.D. Cal. 2008)).[4] They remain distinguishable from Plaintiff's claims because in those cases the courts found substantial evidence existed of a uniform company policy requiring off-the-clock security checks. (Dkt

---

[4] The other bag and security check cases are equally distinguishable because of sufficient evidence demonstrating a uniform policy. *See e.g., Ornelas v. Tapestry, Inc.*, C 18-06453 WHA (N.D. Cal. Aug. 6, 2021) ("[A]t all material times, defendant had a uniform written policy.") *Scott-George v. PVH Corp.*, No. 2:13-cv-00441-TLN-DAD (E.D. Cal. Nov. 19, 2015) (challenging a written policy applying to all employees); *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 572 (C.D. Cal. 2008); *Trevino v. Golden State FC LLC*, NO. 1:18-cv-00120-DAD-BAM, 2021 WL 2328414 (E.D. Cal. June 7, 2021).

FP 45884248.2

No. 89 at p. 17-18). As discussed above, here the Plaintiff failed to show any substantial evidence that from August 2015 to the present all distribution centers had a uniform policy regarding off-the-clock security checks. (Dkt No. 89 at p. 18).

Further, Plaintiff's reliance on *Rodriguez* and *Troester* is also unpersuasive. (*Troester v. Starbucks*, 738 Fed. App'x 562, 562 (9th Cir. 2018); *Rodriguez v. Nike Retail Services, Inc.* (9th Cir. 2019) 928 F.3d 810, 818). The holdings of *Rodriguez* and *Troester* concerned whether a minimum amount of time during a security check is required for it to constitute compensable time. *Id.* However, the evidence in both cases also demonstrated that the security check policy applied uniformly to all employees within the class. (*See e.g., Rodriguez*, 928 F.3d 810, 810 ("[Nike] requires its retail employees to undergo "off the clock" exit inspections every time they leave the store.").  Plaintiff acknowledges that there is no uniform experience amongst all proposed class members when looked at over time or by facility.  Additionally, those cases did not involve a motion for class certification where the failure of the plaintiff to present evidence was scrutinized as it is here.  Because Plaintiff was unable to provide the same evidence of a uniform policy

FP 45884248.2

here, there is no need to inquire into the amount of time each security check took as done in *Rodriguez* and *Troester.*

Similarly, the pending action *Huerta v. CSI Electrical Contractors, Inc.*, (9th Cir. 2022) 39 F.4th 1176 has no bearing on the District Court's denial of class certification. The action has certified questions for appeal considering whether time spent going through security gates and driving from a security gate to the facility is compensable time. (*Id.*). However, any ruling on these questions will have no impact on the District Court's finding that the facts here do not demonstrate a common unlawful policy. (Dkt No. 89 at p. 15).

### E. A Class Containing Only Visalia Employees Would Also Warrant Denial of Certification.

Plaintiff's argument that the class can be modified to only Visalia employees is without merit. The Report demonstrated that even when considering the Visalia distribution center alone there was a lack of evidence of any uniform security check policy from August 2015 to the present. (Dkt No. 89 at pp. 4, 16, 20-21). Additionally, the lack of any meal period, rest period, overtime, or wage statement violations would apply to this class definition as well. (Dkt No. 89 at 19-25). Plaintiff's citation to page 18-19 of the Report does not state that a uniform policy

existed at Visalia but instead merely discusses the lack of a uniform policy throughout <u>all</u> of the distribution centers. (Dkt No. 89 at 18-19).

## VII.  THE DEATH KNELL DOCTRINE ALONE DOES NOT PERMIT REVIEW

Plaintiff's argument that the death knell doctrine supports review here is unavailing because she has failed to demonstrate that the District Court's denial of class certification was questionable enough to merit review. As stated in *Blair v. Equifax Check Services*, "[h]owever dramatic the effect of the grant or denial of class status in undercutting the plaintiff's claim or inducing the defendant to capitulate, if the ruling is impervious to revision there's no point to an interlocutory appeal." 181 F.3d 832, 835 (7th Cir. 1999). For the reasons already discussed, the District Court's denial would not be revised upon review and the case is improper for interlocutory review.

///

///

///

///

///

///

FP 45884248.2

## VIII.  CONCLUSION

For the foregoing reasons, VF Outdoor respectfully requests that this Court deny Plaintiff's Petition for Permission to Appeal.

DATED: December 22, 2022          FISHER & PHILLIPS LLP


By: */s/ Lonnie D. Giamela*
    LONNIE D. GIAMELA
    FISHER & PHILLIPS LLP
    Attorneys for Defendant -
    Respondent
    VF OUTDOOR, LLC

FP 45884248.2